**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

*In re Susan M. Reilly,*

        Debtor,

        Civil Action No. 12-3171 (MAS)

        Bankruptcy Action. No. 09-41356

BARRY W. FROST,
Chapter 7 Trustee,

**ON APPEAL FROM THE
BANKRUPTCY COURT OF THE
DISTRICT OF NEW JERSEY**

        Appellant,

v.

SUSAN M. REILLY,

        **MEMORANDUM OPINION**

        Appellee.

**SHIPP, District Judge**

**I.    Introduction**

The parties appeal an order entered by the Bankruptcy Court on April 12, 2012. That order memorialized the Bankruptcy Court's oral opinion issued on April 2, 2012. The Bankruptcy Court ordered that an asset in the form a *Tevis* claim[1] of Appellee, Susan M. Reilly ("Debtor"), was abandoned to her by the Chapter 7 Trustee, Appellant Barry W. Frost ( "Trustee"), upon the entry of the final decree closing her bankruptcy action pursuant to 11 U.S.C. § 554(c). The Bankruptcy Court further found that the abandonment was not revoked

---

[1] A *Tevis* claim draws its name from *Tevis v. Tevis*, 79 N.J. 422 (N.J. 1979), and describes a "marital tort" such as a spouse's claim for damages for physical/personal injury suffered at the hands of the other spouse during the course of marriage.

when the Trustee reopened the bankruptcy action pursuant to 11 U.S.C. § 350. After careful consideration, and for the reasons set forth below, the Court finds that the matter should be remanded so that the Bankruptcy Court may review the matter consistent with this opinion.

## II. Jurisdiction and Standard of Review

United States District Courts have jurisdiction to review appeals "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 11 U.S.C. § 158(a). The District Court sits "as an appellate tribunal, appl[ying] a clearly erroneous standard to review the bankruptcy court's factual findings and a de novo standard to review its conclusions of law." *In re Blatstein*, 260 B.R. 698, 705 (E.D. Pa. 2001) (*citing In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994)). If it is alleged that the bankruptcy court abused its discretionary authority, "the district court may only inquire whether the [bankruptcy court's] decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Id.* (*citing Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987)).

## III. Background

Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code (the "Code") on November 20, 2009. Trustee was appointed on November 23, 2009. Following the course of a typical Chapter 7 action, Trustee filed a Report of No Distribution on March 1, 2010. An order discharging Debtor's debts was entered on March 15, 2010. The Final Decree closing the case was entered on March 18, 2010.

Trustee filed a motion to reopen the case pursuant to 11 U.S.C. § 350(b) on March 3, 2011. That motion was opposed by Debtor. An order granting the motion to reopen was filed by the Bankruptcy Court on April 4, 2011. On February 17, 2012, Trustee filed a Notice of

Settlement of Controversy ("NSC") with Orrin Gensinger ("Gensinger").[2] The NSC outlined the following: "Orrin Gensinger shall pay to the Trustee the sum of $15,000 in full and complete satisfaction of the claims that Trustee has by virtue of these judgments and Orrin Gensinger shall remain responsible for the payment of an exemption not to exceed $20,200." A52.

Debtor filed an objection to the NSC on March 8, 2012. The Bankruptcy Court held a hearing on the matter on March 19, 2012. The Bankruptcy Court ruled that Debtor's *Tevis* claim was technically abandoned by Trustee under § 552(c) when the bankruptcy action was first closed and that the subsequent reopening under § 350(b) on March 3, 2011, did not revoke the abandonment. The Bankruptcy Court held that "not only was the property fully administered, it is deemed abandoned and the Court views that operation of law as being equivalent of having filed a notice of abandonment" under § 554(a) or (b). A154-55.

## IV. Analysis

The issues presented on appeal are rather straightforward. Appellant contends that the reopening of a bankruptcy action pursuant to § 350(b) should lead to an *automatic* revocation of a "technical abandonment" made pursuant to § 554(c). If that were the case, Trustee would be entitled to settle Debtor's claim against Gensinger for the benefit of the estate. The Bankruptcy Court, however, ruled that a technical abandonment is analogous to a filing of a notice of abandonment and is, therefore, *irrevocable*. As such, Trustee was barred from settling Debtor's

---

[2] Gensinger is Debtor's ex-husband. Per an arbitration award, Debtor "was awarded '$100,000 in her 'Tevis/personal injury claim' against [Gensinger], plus $15,750.64 in prejudgment interest.'" A75, ¶ 10 (alterations in original). Those injuries flowed from an incident of domestic violence which occurred on November 19, 2005. A75, ¶ 11. That judgment was described on Debtor's schedule C of assets as a "[c]laim against Orrin Gensinger – judgment against ex-husband, (collectability questionable) (award is $115,750.68 less attorney's fees)." A23. Debtor claimed that the value of the judgment was $80,000 less $20,200 which was exempt under § 522(d)(11)(D). A25. After holding a § 341 meeting of creditors, Trustee filed the above noted Report of No Distribution. No action was taken by Trustee to execute the *Tevis* judgment against Gensinger.

claim against Gensinger. The Third Circuit has not provided an analytical framework on this discrete issue.

As explained more fully below, the Court finds that a technical abandonment is not *automatically* revoked upon reopening of the bankruptcy action. Under the facts as presented below, the Bankruptcy Court's ultimate finding that the technical abandonment was not revoked appears reasonable. In an abundance of caution, however, and in accordance with several courts of appeals which have provided guidance on the issue, the Court finds that an analysis pursuant to Federal Rule of Civil Procedure ("Rule") 60(b) is the appropriate standard to employ to determine if the technical abandonment should be considered revoked. As such, remand is required.

> A. **Property Technically Abandoned Pursuant to 11 U.S.C. § 554(c) is not Automatically Revoked when the Bankruptcy Case is Reopened under 11 U.S.C. § 350(b).**

11 U.S.C. § 554(c) states that "[u]nless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." The property must be properly scheduled by a debtor, as well as unadministered by the trustee, in order to be technically abandoned pursuant to § 554(c). *See Hutchins v. I.R.S.*, 67 F.3d 40, 43 (3d Cir. 1995). Neither party contends that Debtor's *Tevis* claim was improperly scheduled or had been administered by Trustee.

Trustee argues that the reopening of a bankruptcy case pursuant to § 350(b) automatically revokes a technical abandonment and cites to *In re Figlio*, 193 B.R. 420 (Bankr. D.N.J. 1996), for support. (Appellant's Br. 5.) In *Figlio*, the Bankruptcy Court stated that "in order for a technical abandonment to occur, (1) the asset must have been scheduled in the bankruptcy

petition or any amendments, (2) the asset must not have been administered, and (3) the case must have been closed." *In re Figlio*, 193 B.R. at 423. Analysis of the first two issues was not conducted as the parties in *Figlio* did not dispute that the asset was properly scheduled and had not been administered. *Figlio*, rather, turned on the third issue: whether the case was closed. The *Figlio* court held that "closed" for purposes of § 554(c) meant "properly and finally closed." *Id.* at 424 (*quoting Bilafsky v. Abraham*, 183 Mass. 401, 403 (1903)). Reopening of a case pursuant to § 350(b), in the opinion of the *Figlio* court, therefore created a situation in which the bankruptcy action "was never 'closed' within the meaning of 11 U.S.C. § 544(c) [sic] and consequently the [asset was] not abandoned." *Id.* at 424.

The *Figlio* court observed that reopening a case under § 350(b) "is a fact sensitive decision which often involves a balancing between the certainty afforded parties by finality against the benefits of full and proper administration of all assets." *Id.* at 425 (citation omitted). The doctrine of laches was noted as a protection against the threat of cases being reopened, or threatened to be reopened, "in perpetuity." *Id.* The *Figlio* court then found that the facts in the case before it supported a finding that the case should be reopened, that laches was not a bar, and by operation of law, the debtor's previously abandoned property was revoked and clawed back to the estate for further administration. *Id.* at 425-26.

The Court is not persuaded by the Trustee's reliance on *Figlio* for the proposition that reopening of a case pursuant to § 350(b) revokes a previously proper technical abandonment by operation of law. While the *Figlio* court recognized the fact sensitive nature of the inquiry, "a debtor seeking to reopen a case in order to schedule an overlooked *debt* should [not] have to relinquish *all* technically abandoned *properties* (which may have in the meantime increased in value through the debtor's efforts) . . . ." *In re Woods*, 173 F.3d 770, 777 (10th Cir. 1999), *cert.*

*denied*, 528 U.S. 878 (1999) (emphasis added). "Moreover, § 350(b) does not indicate what effect reopening has on technical abandonments, and it does not by its terms provide authority to revoke an abandonment." *Id.*

In addition, the rule in *Figlio* would have the opposite effect desired by the bankruptcy system, which seeks a fresh start for debtors while compensating creditors to the maximum extent fairly possible. Under *Figlio*, the debtor would have an on-going fear of claw back and would be discouraged from reopening the case himself in order to possibly list additional creditors or assets that were required to be part of the original bankruptcy action/filing. Finally, the development of circuit level case law over the sixteen years since *Figlio* was decided has provided the Court with a more appropriate alternative for determining if a technically abandoned asset should be clawed back into the estate after a case is reopened. That alternative is discussed below.

      **B.**    **Technical Abandonments are Revocable Following a Federal Rule of Civil Procedure 60(b) Analysis.**

The basis for determining whether a technical abandonment should be revoked has not been determined by the Third Circuit. In fact, there are many approaches to this issue amongst the bankruptcy courts. *See* Adam I. Adler, *Navigating the Morass: A Proposed Uniform Standard to Determine the Revocability of Technical Abandonments*, 27 Emory Bankr. Dev. J. 523, 526 (2011) (stating that "no fewer than six standards are currently employed to determine the revocability of technical abandonments.") As explained below, Rule 60(b) provides the best standard regarding revocability.

The Bankruptcy Court in this case stated that because Debtor's case had been "closed," Trustee's technical abandonment of Debtor's *Tevis* claim was the "equivalent of [Trustee] having filed a notice of abandonment." A154-55. Assets abandoned pursuant to a notice of abandonment

under § 554(a) or (b) are generally considered "strictly" irrevocable. *In re Woods*, 173 F.3d 770, 778 (10th Cir. 1999) (citing *In re Gibson*, 218 B.R. 900, 904 (Bankr. E.D. Ark. 1997)).

Strict irrevocability, however, is not appropriate when considering a technical abandonment because a "technical abandonment may occur inadvertently as an automatic consequence of premature case closing." *Id.* Abandonment under § 554(c), therefore, must be viewed as raising a "rebuttable presumption" that the technically abandoned property should continue to remain abandoned. *Id.* (quoting 3 William L. Norton, Jr., *Norton Bankruptcy Law and Practice* § 53:3 (2d ed. 1995 & supp. 1998)). The presumption may only be overcome, and further administration of the estate allowed, if "the considerations that would have justified abandonment prior to the closing of the case do not exist." *Id.* (quoting *Norton*, supra). A more detailed rubric for determining whether the rebuttable presumption has been met has been outlined by the Tenth Circuit.

In *Woods*, the Tenth Circuit—the first court of appeals to consider the revocability of technically abandoned property—held that Rule 60(b)[3] was the appropriate tool to determine whether a previous technical abandonment should be revoked and the property clawed back into the estate. This rule was also adopted by the Sixth Circuit. *See LPP Mortg., Ltd. v. Brinley*, 547 F.3d 643, 649 (6th Cir. 2008). This Court finds that the rule adopted in *Woods* and *Brinley* is the more appropriate tool to determine whether technically abandoned property should remain abandoned or whether the abandonment should be revoked. This method is flexible and leaves the Bankruptcy Court with discretion to determine if any facts presented to it make revocation appropriate.

---

[3] Federal Rule of Bankruptcy Procedure 9024 states that Rule 60 applies to bankruptcy cases, with some minor modifications, the only pertinent one being that "a motion to reopen a case under the Code" is not limited to the one year limitation in Rule 60(c).

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Essentially, and as noted in *Woods*, the key inquiry is whether there is a basis under Rule 60(b) to vacate the order which previously closed the bankruptcy case and triggered the technical abandonment. If there is no such basis, Trustee's motion to reopen the case should have been denied. In this case, however, the Parties have not appealed the order reopening the case and have only challenged the Bankruptcy Court's decision to deny Trustee's Proposed Settlement with Gensinger. That is of no matter.[4]

This matter is remanded so that the Bankruptcy Court can analyze the facts of the case to determine if any of them support revocation of the abandonment and in turn should allow

---

[4] Debtor opposed the reopening of the case, which was requested by Trustee following his receipt of a letter from Gensinger stating that, in Gensinger's opinion, Debtor had committed fraud by not correctly disclosing and scheduling the debts Gensinger owed Debtor. While the *Woods* Court linked reopening of a case and the revocation analysis as part of the same procedural process, there is no reason the Rule 60(b) analysis might not occur following the reopening of the case, as long as it occurred before the property is revoked. Finally, in this case, the additional development of the factual record—between the reopening and the filing of the NSC, over ten months—will likely make the analysis of the Bankruptcy Court both easier and more thorough.

Trustee's NSC with Gensinger to be approved. For example, did "mistake, inadvertence, surprise, excusable neglect, fraud or any other reason that justifies," exist which made entry of the initial order closing the case—and triggering the technical abandonment—inequitable or incorrect? If so, the Bankruptcy Court is to approve Trustee's NSC with Gensinger. If not, the NSC should not be approved, Debtor's Tevis claim should be considered technically abandoned and not subject to revocation, and Debtor's case should be closed. The Bankruptcy Court's decision with regard to this matter, if challenged, will be subject to a review for abuse of discretion. *See Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 269 (3d Cir. 2002).

REMANDED for proceedings consistent with this opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2013